# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

Lyle W. Cayce
Clerk

No. 11-50987
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE TRINIDAD OROZCO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-1188-4

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Trinidad Orozco pleaded guilty to a single count of conspiracy to possess with intent to distribute more than five kilograms of cocaine.  The district court imposed a within guidelines sentence of 108 months of imprisonment.  On appeal, Orozco argues that the district court procedurally erred by failing to grant a reduction in his offense level based on his role in the offense and that the district court imposed an unreasonable sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50987

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* If there is no procedural error, the appellate court then reviews the substantive reasonableness of the sentence under a deferential abuse of discretion standard. *Id.*

Orozco's primary argument is that the district court failed to assess correctly his role in the offense and to grant him a minor or minimal participant reduction under U.S.S.G. § 3B1.2. The defendant has the burden of showing that he is entitled to the adjustment. *United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001). We review a district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Rodriguez*, 602 F.3d 346, 362 (5th Cir. 2010). A factual finding regarding a defendant's role will be disturbed only if it is clearly erroneous. *United States v. Valencia,* 44 F.3d 269, 272 (5th Cir. 1995). Orozco's written objection to the lack of a reduction for his role in the offense was sufficient to preserve the issue for review. *See United States v. Medina-Anicacio*, 325 F.3d 638, 642 (5th Cir. 2003).

Orozco clearly knew he was being paid to participate in a drug-related conspiracy. Statements in the PSR indicate that Orozco's role was not significantly different than another co-defendant, who also expected to receive a similar amount of money for his part in the offense. Finally, other than attempting to distinguish his lack of criminal history from his co-defendants' criminal history, Orozco failed to demonstrate that he was entitled to the

No. 11-50987

reduction. *See Garcia*, 242 F.3d at 597. The district court did not clearly err in refusing to grant a reduction for his role in the offense. *See Rodriguez*, 602 F.3d at 362. As Orozco has not shown that the guidelines range was improperly calculated, he has not shown any procedural error. *See Gall*, 552 U.S. at 51.

Orozco also contends that his sentence was substantively unreasonable because it was greater than necessary under § 3553(a). He correctly acknowledges that his failure to object to his sentence in the district court results in plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The presumption of reasonableness is rebutted only "upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court heard Orozco's sentencing arguments, granted an objection that resulted in a lower guidelines range, and imposed a sentence at the low end of that range. Other than his arguments regarding a reduction for his role in the offense, Orozco merely repeats the same arguments for a lesser sentence that he raised in the district court; thus, he is asking us to reweigh the district court's consideration of the § 3553(a) factors, which we decline to do. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Orozco has not rebutted the presumption that the sentence is reasonable or established plain error. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.

3